```
                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION
```

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 22 2019
CLERK, U.S. DISTRICT COURT
By_____
        Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS.   § | NO. 4:19-CR-068-A |
| § | |
| WILLIE CLAYTON DAVIDSON § | |

## SCHEDULING ORDER FOR SENTENCING

The court ORDERS that:

1. The probation officer conduct a presentence investigation and prepare a presentence report as to WILLIE CLAYTON DAVIDSON (hereinafter "defendant").

2. Should counsel for the defendant desire to be present for the initial interview between defendant and the probation officer, counsel arrange to do so within three (3) government working days from the date this order is signed.

3. Counsel for United States of America, within five government working days of the defendant's conviction, deliver to the probation officer:

   a. a written report setting out with specificity all information possessed by the office of the United States Attorney for the Northern District of Texas that is relevant to (i) the sentencing of the defendant or (ii) acceptability of the plea agreement, if any, including, but not limited to:

   (1) all criminal history of the defendant;
   (2) all criminal conduct of the defendant (whether or not charged) occurring at any time;
   (3) all statements made by defendant (including transcripts that already have been made of recorded statements) and all other notes, memos, or other writings pertaining to any statement made by defendant; and
   (4) all investigative reports pertaining to the offense of conviction and to relevant conduct;

   b. if the defendant was convicted after trial, a written summary of any evidence presented at trial not cumulative of the information provided pursuant to 3.a., above, and which is relevant to the sentencing of the defendant, including, but not limited to, evidence that the defendant obstructed justice and evidence of relevant conduct; and

   c. in any case in which restitution can be ordered under 18 U.S.C. § 3663 or 18 U.S.C. § 3663A as a result of the defendant's criminal conduct, a written report giving the full names of all identified victims of defendant's criminal conduct for which restitution can be ordered, the amount of loss subject to restitution for each identified victim, each identified victim's complete address, and, to the extent known to the United States, each identified victim's telephone number.

provided, however, that all information provided to the probation officer pursuant to this paragraph is confidential and for the exclusive use of that office and this court.

  4. By May 20, 2019, the government shall deliver to the probation officer and the parties a laboratory report or laboratory reports showing the quantity and purity of all methamphetamine that will be attributable to defendant in the sentencing process.

  5. The probation officer shall deliver the presentence report to the court, and provide copies to the defendant and counsel for the parties, by 4:00 p.m. on June 3, 2019. Delivery to counsel for a party shall be by electronic submission if counsel has subscribed to the Electronic Case Files ("ECF") system of this court. If counsel for a party is not a subscriber to this court's ECF system, such counsel, after having been advised by the U.S. Probation Office of the report's availability, shall pick up his or her copy of the presentence report at the U.S. Probation Office between noon and 2:00 p.m. on June 3, 2019; or, if he or she fails to pick up the presentence report at that time, the probation officer shall mail a copy thereof to such attorney on June 3, 2019. The probation officer shall mail, by 4:00 p.m. on June 3, 2019, a copy of the presentence report to defendant enclosed in an envelope marked "Legal Mail -- to be Opened Only by or in Presence of Defendant."

6. Written objections to the presentence report, or written notice of no objections, be delivered to the court, the probation officer, and counsel for the parties by 4:00 p.m. on June 17, 2019.

7. Each party deliver to the court, the probation officer, and counsel for the parties a written response to the opposing party's objections to the presentence report by 4:00 p.m. on June 24, 2019.

8. If a request for departure is to be made, it be made by written motion filed by 4:00 p.m. on June 24, 2019.

9. If written objections to the presentence report have been timely delivered, the probation officer deliver an addendum to the presentence report to the court, and provide copies thereof to defendant and counsel for the parties, by 4:00 p.m. on July 1, 2019.

10. Written objections to the addendum be delivered to the court, the probation officer, and counsel for the parties by 4:00 p.m. on July 8, 2019.

11. Each party deliver to the court, the probation officer, and counsel for the parties by 4:00 p.m. on July 15, 2019, (i) a written response to the opposing party's objections to the addendum, and (ii) any other item the party wishes the court to consider in connection with sentencing, such as a sentencing memorandum or character letters.

12. The sentencing hearing is set for 10:00 a.m. on July 26, 2019.

13. The parties be prepared at the sentencing hearing to present evidence, arguments, and legal authorities related to any factual or legal issues that are raised by the presentence report, any addendum thereto, or any objection to either.

14. Except as provided above, all motions and responses to motions any party wishes the court to consider in connection with any sentencing matter be filed with the Clerk at least ten days before the date of the sentencing hearing unless leave of court is granted for late filing.

15.  If, during the presentence report investigation, it is determined that Texas Youth Commission ("TYC") records are needed, the court orders the TYC to release these records to the Probation Officer assigned to prepare the presentence report, acting in the performance of the officer's official duties pursuant to Fed. R. Crim. P. 32. The specific records that are to be released include documents pertaining to the defendant's social history, court disposition records, substance abuse treatment records, psychological evaluations, other mental health treatment records, educational records, general health records, adjustment while incarcerated records, and release dates from the TYC.

SIGNED March 22, 2019.

_____
JOHN McBRYDE
United States District Judge

4